Lealand L. Lovering Attorney for Brevard County Health Facilities Authority Rockledge
QUESTION:
Are meetings of the directors of the Eugene Wuesthoff Memorial Hospital subject to s. 286.011, F. S., by virtue of a lease agreement entered into between the hospital and the Brevard County Health Facilities Authority?
SUMMARY:
Meetings of the directors of the Eugene Wuesthoff Memorial Hospital are not subject to s. 286.011, F. S., by virtue of a lease agreement entered into between the hospital and the Brevard County Health Facilities Authority.
According to your letter, the Eugene Wuesthoff Memorial Hospital, a private, nonprofit corporation, entered into a ground lease of the hospital facility with the Brevard County Health Facilities Authority. In return, and pursuant to said ground lease, the health authority entered into a lease-back of the hospital facility with the hospital. By virtue of this lease-back, the private, nonprofit corporation exercised control over the operation, maintenance, supervision, and all other aspects pertaining to the function of the health facility. This lease was executed in order to facilitate the issuance and selling of Brevard County Health Facility revenue bonds.
In AGO 074-22, this office concluded that local health-related commissions, councils, or agencies which are private, nonprofit organizations are not subject to the Government in the Sunshine Law, s. 286.011, F. S., even though such organizations may receive state or federal funds. In Times Publishing Co. v. Williams,222 So.2d 470 (2 D.C.A. Fla., 1969), the court stated that the Sunshine Law was intended to apply to `every board or commission . . . over which [the Legislature] has dominion and control.'
Since the nonprofit corporation in question, i.e., the Eugene Wuesthoff Memorial Hospital is not a state or local government agency, is not under the control of the Legislature, and, apparently, does not act in an advisory capacity to a governmental unit subject to the Sunshine Law, I do not believe that meetings of the board of directors of the hospital corporation are subject to s. 286.011, F. S. Accord: Attorney General Opinions 071-191 and 072-158.
As a caveat, I would note that in this particular instance it does not appear that the lease and lease-back agreement were entered into between the authority and the hospital in order to avoid the requirements of the Sunshine Law. If evidence existed that such agreement was entered into for purposes of avoiding the requirements of the Sunshine Law, a different conclusion could possibly be reached. Cf. I.D.S. Properties, Inc. v. Town of Palm Beach, 279 So.2d 353, 356 (4 D.C.A. Fla., 1973).
Prepared by: Sharyn L. Smith, Assistant Attorney General